UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT JOHN STOCKTON, JR., | No. 2:13-cv-2413 KJM KJN P |
| Petitioner, | |
| v. | ORDER |
| GREG LEWIS, Warden, | |
| Respondent. | |

Petitioner is a state prisoner proceeding without counsel. Respondent's motion to dismiss this action as barred by the statute of limitations is before the court. Petitioner claims he is actually innocent of the shooting, and asks the court to find that he is eligible to pass through the Schlup gateway so that the court may hear his claims on the merits. ECF No. 15 at 13, citing Schlup v. Delo, 513 U.S. 298 (1995). Petitioner contends that his co-defendant Budden's confession, "in forensically corroborated detail," in which Budden claims that petitioner left the crime scene before Budden formed the intent to kill the victim, demonstrates that it is more likely than not that petitioner would not have been convicted as the shooter. (ECF No. 15 at 13.) Additionally, petitioner argues that his new evidence, the Hall declaration, proves that (a) he used Mr. Hall's broken shotgun, (b) petitioner had no plan or intent to murder with it because he knew it was inoperable, and that Mr. Hall's testimony was against his penal interest as evidenced by Hall invoking the Fifth Amendment during his testimony at petitioner's trial. (ECF No. 15 at 13.)

1

The instant petition is petitioner's first filing in federal court.

The "actual innocence" exception applies to the AEDPA's statute of limitations. See McQuiggin v. Perkins, 133 S. Ct. 1924 (2013); Lee v. Lampert, 653 F.3d 929, 934 (9th Cir. 2011) (en banc). "[A] credible claim of actual innocence constitutes an equitable exception to AEDPA's limitations period, and a petitioner who makes such a showing may pass through the Schlup gateway and have his otherwise time-barred claims heard on the merits." Lee, 653 F.3d at 932. Under Schlup v. Delo, 513 U.S. 298 (1995), a petitioner must produce sufficient proof of his actual innocence to bring him "within the 'narrow class of cases . . . implicating a fundamental miscarriage of justice.'" 513 U.S. at 314-15 (quoting McCleskey v. Zant, 499 U.S. 467 (1991)). Evidence of innocence must be "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." Schlup, 513 U.S. at 316. To pass through the Schlup gateway, a "petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence. . . ." Id. at 327.

Actual innocence in this context "means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623-24 (1998); Jaramillo v. Stewart, 340 F.3d 877, 882-83 (9th Cir. 2003) (accord). To make a credible claim of actual innocence, petitioner must produce "new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." Schlup, 513 U.S. at 324. The habeas court then considers all the evidence: old and new, incriminating and exculpatory, admissible at trial or not. House v. Bell, 547 U.S. 518, 538 (2006). On this complete record, the court makes a "'probabilistic determination about what reasonable, properly instructed jurors would do.'" Id. (quoting Schlup, 513 U.S. at 329). "The court's function is not to make an independent factual determination about what likely occurred, but rather to assess the likely impact of the evidence on reasonable jurors. Id. (citing Schlup, 513 U.S. at 329.)

Here, following jury trial, petitioner was convicted of first degree murder on June 1, 1995, and a sentencing enhancement for personal use of a weapon was found true. (Respondent's Lodged Document ("LD") 1.) On October 16, 1995, petitioner was sentenced to an indeterminate

sentence of twenty-five years to life in state prison, plus a consecutive, aggravated term of five years for personal use of a firearm. (LD 1.) Petitioner's co-defendant Budden pled guilty prior to petitioner's jury trial, and Budden was sentenced to twenty-five years to life.

In connection with the motion to dismiss, respondent lodged various state court orders and petitions for writs of habeas corpus filed by petitioner in state court. However, the clerk's transcript and the reporter's transcript from petitioner's trial were not lodged. As set forth above, in order to evaluate petitioner's claim of actual innocence, the court is required to consider all the evidence adduced at trial, as well as the new declarations provided after the trial. The court is unable to assess the likely impact of the evidence on reasonable jurors absent review of the evidence admitted at trial. Therefore, respondent is directed to lodge the state court records within thirty days. The parties are cautioned that by this order, the court makes no findings as to the merits of petitioner's claim of actual innocence, or as to the merits of respondent's motion to dismiss.

Accordingly, IT IS HEREBY ORDERED that within thirty days from the date of this order, respondent shall lodge the clerk's and reporter's transcripts from petitioner's trial.

Dated: August 15, 2014

/stoc2413.fb

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE