UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT JOHN STOCKTON, JR., | No. 2:13-cv-02413-KJM-KJN |
| Petitioner, | |
| v. | ORDER |
| GREG LEWIS, Warden, | |
| Respondent. | |

On March 30, 2015, the court issued an order adopting the magistrate judge's findings and recommendations in full, granting respondent's motion to dismiss, and denying the motion for a certificate of appealability. Order Mar. 30, 2015, ECF No. 22; Findings & Recommendations, ECF No. 18. The court entered judgment on the same day. ECF No. 23. On April 10, 2015, petitioner Robert John Stockton, Jr. filed a motion for reconsideration, ECF No. 24,[1] a motion for a certificate of appealability, ECF No. 26, a motion to appoint counsel, ECF No. 27, and a notice of appeal, ECF No. 25. Respondents opposed the motion for reconsideration on May 5, 2015. ECF No. 32.

---

[1] Stockton's motion actually seeks leave to file a motion for reconsideration and attaches a proposed motion. Federal Rule of Civil Procedure 59(e) allows a litigant to file "[a] motion to alter or amend a judgment . . . no later than 28 days after the entry of the judgment." The court therefore grants Stockton's request for leave to file a motion for reconsideration.

1

## I. RECONSIDERATION

This court retains jurisdiction to consider this motion. *See* Fed. R. App. P. 4(a)(4)(B)(i). Because the court denied Stockton's previous application for a certificate of appealability, it construes his motion here as a request for reconsideration of its order not to issue that certificate. *See* App. Cert. Appealability, ECF No. 20; Order Mar. 30, 2015, at 2 (denying application). Furthermore, because Stockton's motion was filed within twenty-eight days of the court's order and entry of judgment, the court construes it as one brought under Federal Rule of Civil Procedure 59(e). *See Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001).

In general, a motion to reconsider founded on Rule 59(e) may be granted (1) to correct "manifest errors of law or fact," (2) to present new, previously unavailable evidence, (3) to prevent manifest injustice, or (4) to account for "an intervening change in controlling law." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir.2011). Here, Stockton essentially argues for reconsideration to correct errors of law or fact and prevent manifest injustice, but his motion relies on arguments and facts he presented in opposition to the motion to dismiss, matters the magistrate judge and the undersigned reviewed before issuing previous orders: Stockton primarily disputes the state courts' "one-sided evidentiary analysis," *e.g.*, Mot. Recons. 3, and argues the court disregarded his arguments of actual innocence, *id.* at 5–6, and prosecutorial misconduct, *id.* at 6–7. The court took each of these arguments into consideration before issuing its previous order. Neither has Stockton described any manifest injustice. The motion is therefore denied.

## II. MOTION TO APPOINT COUNSEL

Stockton requests the court appoint counsel, requesting relief both from this court and from the Ninth Circuit Court of Appeals. Mot. Appoint Counsel 1, ECF No. 27. Because Stockton has filed a notice of appeal, the court denies his motion to appoint counsel without prejudice. *See Goff v. Salinas*, No. 11-3410, 2013 WL 1309457, at *1 (E.D. Cal. Apr. 1, 2013) (denying motion to appoint counsel in similar circumstances) (citing Fed. R. Civ. P. 62.1 and *Pope v. Savings Bank of Puget Sound*, 850 F.2d 1345, 1346 (9th Cir. 1988)).

2

III. <u>CONCLUSION</u>

Petitioner's motion for reconsideration and for a certificate of appealability is DENIED.  The motion for appointment of counsel is DENIED without prejudice.

IT IS SO ORDERED.

DATED: May 22, 2015.

_____
UNITED STATES DISTRICT JUDGE